IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DEAN L. MILLS,

           Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

           Defendant.

Case No. 08-CV-279-GKF-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Dean L. Mills, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The case has been referred to the undersigned United States Magistrate Judge for Report and Recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's May 11, 2004, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held October 25, 2006. By decision dated August 30, 2007, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 28, 2008. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

### The ALJ's Decision

Plaintiff was 41 on the alleged onset date. He has a eleventh grade education, formerly worked as oil and gas field worker, and claims to have been unable to work since October 6, 2003, as a result of diabetes, amputated finger, eye problems resulting from a cyst behind his left retina, neuropathy, and depression. Since the alleged onset, Plaintiff has worked with his brother part-time as a plumber's helper, but had earnings at a level less than substantial gainful activity.

The ALJ determined that Plaintiff retains the ability to perform light exertional work activity with the limitation of only occasional stooping. [R. 16]. The ALJ found that Plaintiff cannot return to his past relevant work, but based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with his limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: failed to properly assess his residual functional capacity (RFC); erred in relying on vocational expert testimony that varied from the information contained in the Dictionary of Occupational Titles (DOT); and failed to properly evaluate his credibility.

The undersigned RECOMMENDS that the ALJ's decision be REVERSED and the case REMANDED because the ALJ failed to discuss the findings related to Plaintiff's vision in the manner required by Social Security Ruling 96-9p, 1996 WL 374180.

**Discussion**

I.  Residual Functional Capacity (RFC) Assessment

The ALJ found that neither Plaintiff's alleged depression nor his visual problems were severe impairments. No limitations related to either depression or vision were included in Plaintiff's RFC. Plaintiff argues that the ALJ's decision should be reversed and the case remanded because the ALJ failed to apply the correct standards in excluding limitations related to vision and depression from the RFC.

A.  Vision

Dr. Delgado saw Plaintiff for a diabetic retinal evaluation on July 8, 2003. Dr. Delgado noted that Plaintiff presented with an 18 year history of insulin dependent diabetes and "some blurry vision in both eyes." [R. 150]. Dr. Delgado's recommendation for treatment of Plaintiff's eyes was to monitor the retinal cyst in the left eye and monitor for development of macular edema. [R. 150-151]. Dr. Delgado stated some of Plaintiff's visual

changes may be due to injury caused by prior edema that had resolved. He thought the changes might also be related to poor circulation in the macula. [R. 151]. He noted that Plaintiff displayed some symptoms of presbyopia, but left it to Plaintiff's optometrist, Greg Fielding, D.O., to prescribe reading glasses if they were necessary. *Id.* On August 16, 2004, the consultative examiner tested Plaintiff's eyesight and found him to have visual acuity of 20/70 on the left, 20/50 on the right and 20/50 bilaterally. [R. 175]. There is no indication as to whether these scores were Plaintiff's uncorrected eyesight or were achieved using corrective lenses. Plaintiff testified that he has trouble seeing up close, but he can see distance fine. [R. 287]. No questions were asked of Plaintiff as to whether reading glasses were prescribed and obtained and if so, whether they helped with his problem seeing up close. The vocational expert testified that the absence of close vision would eliminate the sedentary jobs she identified for Plaintiff. [R. 299].

The ALJ mentioned Plaintiff's vision in two places in the decision, first in connection with his finding that the vision problems were non-severe, [R. 15-16], and then in connection with his discussion of the RFC and credibility findings. [R. 18]. In finding that Plaintiff's decreased vision was not a severe impairment under 20 C.F.R. § 404.1520(c), the ALJ noted that Plaintiff's vision was being followed by Dr. Delgado and that "no recommendations have been made for any aggressive treatment or therapy and he was simply advised to obtain reading glasses." [R. 16]. That statement is not entirely accurate. Dr. Delgado only planned to monitor Plaintiff's vision for diabetic retinopathy, but he also recognized that Plaintiff had suffered visual changes. Dr. Delgado recommended that Dr. Fielding prescribe reading glasses, "if necessary," which raises the question whether reading glasses would be of benefit to Plaintiff.

The relevant question for Social Security disability purposes is whether Plaintiff suffered from some impairment of his ability to see to a degree that, even with corrective lenses, impairs his ability to perform work activities. 20 C.F.R. § § 404.1521, 404.1530. Nothing in the record addresses the question whether reading glasses would improve Plaintiff's vision. Since the vocational expert's testimony demonstrates that the absence of close vision would eliminate such a number of the jobs identified, the omission is not harmless. The case must therefore be remanded to determine whether correction of Plaintiff's vision, if possible, will enable him to perform the close work identified by the vocational expert.

### B. Depression

The Court finds no merit to Plaintiff's argument that the ALJ erred in regard to his assessment of Plaintiff's alleged depression. The ALJ accurately recounted the record pertaining to Plaintiff's complaints of depression. The ALJ appropriately relied on and discussed the expert opinions provided by the reviewing psychologists who each completed a Psychiatric Review Technique Form indicating that, based upon review of the record, there was no medically determinable impairment. [R. 16, 181-193, 202-214].

Plaintiff assertion that the ALJ created his own standard for assessing the severity of Plaintiff's depression by commenting that Plaintiff had not been hospitalized or seen a psychiatrist or psychologist for treatment is unfounded. The appropriate inquiry is whether Plaintiff's alleged mental impairment significantly limits his ability to do basic work activities. 20 C.F.R. § 141.1521. Plaintiff has not identified any work-related function or activity he is unable to perform by reason of his alleged mental impairment. The undersigned finds

that the ALJ's treatment of Plaintiff's alleged mental impairment conforms to the requirements imposed by the regulations.

### C. Medical Evidence Supporting RFC

Plaintiff argues that the case should be remanded because the ALJ cited no medical source to support his RFC assessment for walking and standing. In *Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004), the Court stated it "disagree[d] with claimant's implicit argument that the agency, not the claimant, has the burden to provide evidence of claimant's functional limitations." The Court observed that a Social Security final rule made clear that the agency's burden at step five does not include the burden to provide medical evidence in support of an RFC assessment, unless the ALJ's duty to further develop the record is triggered. *Id.* The Court also rejected the argument that there must be specific, affirmative medical evidence in the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category. *Id.* at 949. The undersigned finds that the ALJ accurately recounted the medical record and his findings as to Plaintiff's exertional limitations are supported by the record.

### II. Vocational Expert Testimony

Plaintiff argues that the ALJ's decision should be reversed because he relied on vocational expert testimony concerning the exertional level of some jobs identified which conflict with the definitions contained in the DOT. Since the case is being remanded, any such conflicts can be corrected on remand.

### III. Credibility Analysis

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Diaz*

*v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990). The ALJ's credibility determinations "warrant particular deference" because "[t]he ALJ enjoys an institutional advantage in making the type of determination at issue here. Not only does an ALJ see far more social security cases than do appellate judges, he or she is uniquely able to observe the demeanor ... of the claimant in a direct and unmediated fashion." *White v. Barnhart,* 287 F.3d 903, 910 (10th Cir.2001). Credibility determinations, however, cannot be based on intangible or intuitive reasons, but "must be grounded in the evidence and articulated in the determination or decision." Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4; *see also Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." (internal quotation marks omitted)).

The ALJ recited what specific evidence he relied upon in considering Plaintiff's credibility, as required by Kepler. A more thorough exposition of the reasons for the credibility determination could have been provided, but the ALJ cited to a combination of factors that informed his credibility decision, including the fact that Plaintiff failed to seek medical treatment, the physical findings, and that "supporting clinical data do not closely corroborate or correlate with the claimant's subjective complaints." [R. 20]. The ALJ cited to findings of normal sensation from a neurological standpoint, normal muscle tone, and normal strength. [R. 19]. Plaintiff essentially disagrees with the weight the ALJ gave to the relevant factors. However, the Court may not reweigh the evidence on appeal.

The undersigned rejects the assertion that the ALJ erred in relying on the lack of medical treatment as one of the reasons for discounting Plaintiff's credibility. The Tenth Circuit has acknowledged that insubstantial or infrequent attempts to obtain relief from a

painful condition are inconsistent with allegations of disabling pain. *Branum v. Barnhart*, 385 F.3d 1268, 1274 (10th Cir. 2004). Plaintiff argues that the ALJ failed to consider his statements that he could not afford medical care. The ALJ mentioned Plaintiff's testimony that he is "unable to afford medical care," [R. 20], and noted that there are public facilities available to those who are unable to pay. According to Plaintiff, the mention of available public facilities is speculation by the ALJ. In *Mann v. Astrue*, 284 6Fed.Appx. 567, 571 (10th Cir. 2008), the Court found that the ALJ's decision to discredit testimony of disabling pain was supported by substantial evidence where, although the claimant claimed that poverty prevented her from seeking medical care, she produced no evidence that she sought to obtain low-cost medical treatment or that she had been denied treatment because of an inability to pay.[2]

The undersigned finds that the ALJ employed the correct standards in making the credibility determination in this case and that the determination is supported by substantial evidence.

## **CONCLUSION**

The undersigned RECOMMENDS that the ALJ's decision be REVERSED and the case REMANDED for further proceedings as specified herein.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this report and recommendation. Such specific written

---

[2] Plaintiff's citation to language contained in SSR 82-59 and argument that the ALJ failed to comply with that Ruling is inapposite to this case. Social Security Ruling 82-59 addresses the criteria necessary for denial of benefits upon a finding that a person unjustifiably failed to follow prescribed treatment. The language quoted by Plaintiff refers to inability to afford prescribed treatment as a justification for failing to obtain such treatment. SSR 82-59, 1982 WL 31384 at *4. That issue was not presented in this case.

objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b) directs the district judge to:

> make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b); see also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 2nd day of July, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE