**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DEAN L. MILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-279-GKF-FHM |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the court is the Report and Recommendation of United States Magistrate Judge Frank H. McCarthy. Plaintiff Dean L. Mills ("Mills") seeks review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Social Security disability benefits. The Magistrate Judge entered a Report and Recommendation in which he recommends the ALJ's decision be reversed and the case remanded for further proceedings "because the ALJ failed to discuss the findings related to Plaintiff's vision in the manner required by Social Security Ruling 96-9p . . . ." [Dkt. # 25, p. 3].

Mills objects to the Report and Recommendation, contending the Magistrate Judge erred in (1) finding no merit to Mills' argument that the ALJ erred in regard to his assessment of Mills' alleged depression; (2) recommending affirmance of the ALJ's residual functional capacity assessment; and (3) finding the ALJ employed the correct legal standards in making the credibility determination and that the determination is supported by substantial evidence.

Pursuant to Fed.R.Civ.P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept,

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." However, even under a de novo review of such portions of the Report and Recommendation, this court's review of the Commissioner's decision is limited to a determination of "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart,* 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency," *Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).

## I. Depression

Mills contends the Magistrate Judge failed to recognize the ALJ did not apply the correct legal standard for assessing the severity of Mills' depression. According to Mills, "the Magistrate Judge did not address the ALJ's or the State agency medical consultants' errors in failing to follow Defendant's regulations regarding the adequacy of Dr. Lee's diagnosis of depression in his consultative examination, performed at the request of the State agency medical consultants." Mills contends the "regulations require both the ALJ and the State agency consultant to re-contact Dr. Lee, to 'give [him] an explanation of our evidentiary needs' and 'ask [him] to furnish the missing information or prepare a revised report.'" [*Id.* (citing 20 C.F.R. §404.1519p(b))]. Mills also objects that the ALJ did not grant his request for a consultative mental examination. [*Id.* at p.3 (citing *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997))]. Mills contends the failure to order a

2

consultative mental examination was error, as the ALJ had a "duty to insure adequate development of the record before he deemed Plaintiff's depression to be non-severe." [*Id.* at pp. 3-4].

As to the ALJ's alleged violation of 20 C.F.R. §404.1519p(b), Mills does not identify any basis or support for his contention the psychiatrict reviews were inadequate or incomplete. Nor has Mills shown that "the medical evidence in the record is inconclusive" so as to require a consultative examination. *Hawkins*, 113 F.3d at 1166. The ALJ met his basic obligation to ensure that an adequate record was developed consistent with the issues raised. *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993). This court has reviewed the record and finds substantial evidence supporting the ALJ's finding as to depression, and the ALJ applied the correct legal standards. *Doyal,* 331 F.3d at 760. This court will not disturb the ALJ's finding that Mills' alleged depression is non-severe.

## II.  RFC Assessment

Mills contends the ALJ did not explain how his residual functional capacity ("RFC") assessment for light work was consistent with his findings of severe impairments of diabetes mellitus with peripheral neuropathy and degenerative disc disease.

Upon review of the ALJ's Decision, this court respectfully disagrees. The ALJ sufficiently explained his RFC assessment, and the assessment meets the narrative discussion requirements set forth in SSR 96-8P, 1996 WL 374184, at *7 (S.S.A.). The assessment contained "a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms . . . ." The ALJ found that Mills' "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not

entirely credible." [Dkt. # 16, p. 20 of 100]. The ALJ fully explained the alleged inconsistency between his RFC assessment and his findings of severe impairment by including in his narrative a discussion addressing the credibility of Mills' descriptions of the degree of limitation and severity of the pain attributable to the impairments.[1] Moreover, the ALJ accurately recounted the medical record, and his findings are supported by substantial evidence.

### III. Credibility Determination

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir.2005), quoting *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). "However, 'findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Id.,* quoting

---

[1] "Although the claimant has described daily activities that are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled. First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, *even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision.*

Additionally, the severity of the claimant's symptoms is disproportionate in comparison to the usual expected severity of his condition. Also, the claimant's statements about his impairments and their impact on his ability to perform activities of daily living and basic functions are not entirely credible in light of discrepancies between the claimant's alleged symptoms and objective documentation in file. Specifically, the physical findings and supporting clinical data do not closely corroborate or correlate with the claimant's subjective complaints. The Administrative Law Judge further finds that although the claimant has received treatment for his alleged disabling impairments, that treatment has been essentially conservative in nature.

The Administrative Law Judge also finds the description of the symptoms and limitations, which the claimant has provided throughout the record, has generally been inconsistent and unpersuasive and he has not provided convincing details regarding factors tht precipitate the allegedly disabling symptoms. *Furthermore, the claimant's description of the severity of the pain has been so extreme as to appear implausible and his description of symptoms is unusual, and is not typical for the impairments that are documented by medical findings in this case.*"

ALJ Decision, Dkt. # 16, at p. 22 of 100 [emphasis added].

*Huston v. Bowen,* 838 F.2d 1125, 1133 (10th Cir. 1988). In assessing the credibility of pain testimony, various factors are relevant including but not limited to the extensiveness of the attempts (medical or nonmedical) to obtain relief and the frequency of medical contacts. *Branum v. Barnhart,* 385 F.3d 1268, 1273-74 (10th Cir.2004).

The ALJ cited a combination of factors that informed his credibility decision, including but not limited to the fact that Mills had failed to seek medical treatment for the alleged pain:

> By the claimant's own admission, there have been significant periods of time during which he has not sought treatment from a physician, which is not consistent with a chronic or worsening medical condition. The Administrative Law Judge finds if the claimant were in constant and disabling pain as alleged, it is reasonable to assume he would exhaust every means possible to obtain relief of the pain. The Administrative Law Judge does acknowledge that the claimant has repeatedly stated he is "unable to afford medical care," however, there are public facilities available to those who do not have insurance or who are unable to pay for medical care.

The Magistrate Judge rejected Mills' argument that the ALJ erred in relying on the lack of medical treatment as one of the reasons for discounting Mills' credibility. The Magistrate Judge also rejected Mills' argument that the ALJ failed to consider Mills' statements he could not afford medical care. Finally, the Magistrate Judge rejected Mills' argument that the ALJ's mention of available public facilities was speculative. In rejecting that argument, the Magistrate Judge relied on *Mann v. Astrue,* 284 Fed. Appx. 567 (10th Cir. 2008), where the plaintiff claimed her poverty prevented her from seeking further medical care or prescription pain medication, but provided no evidence that she "sought to obtain any low-cost medical treatment from her doctor or from clinics and hospitals" or that she has "been denied medical care because of her financial condition." *Id.* at 571, (quoting *Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir.1992)).

Mills contends the Magistrate Judge erred in affirming the ALJ's credibility determination because the ALJ "was obligated to question Plaintiff as to what free clinics or medical care he had sought." In support, Mills cites Social Security Ruling 96-7p, which he believes requires the ALJ to question the claimant about access to free medical treatment before making negative inferences concerning the claimant's credibility.

A portion of Ruling 96-7p addresses the value of medical treatment history in assessing an individual's allegations of intense and persistent pain. It instructs that

> "[p]ersistent attempts by the individual to obtain relief of pain . . . such as by increasing medications, trials of a variety of treatment modalities in an attempt to find one that works . . . referrals to specialists, or changing treatment sources may be a strong indication that the symptoms are a source of distress to the individual and generally lend support to an individual's allegations of intense and persistent symptoms. On the other hand, the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints." The ruling further instructs that an adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide . . . that may explain infrequent or irregular medical visits or failure to seek medical treatment. . . . The explanations provided by the individual may provide insight into the individual's credibility. For example: . . . The individual may be unable to afford treatment and may not have access to free or low-cost medical services."

SSR 96-7p, at **7-8. The ruling requires an ALJ to consider any explanations the individual provides for the failure to seek medical treatment, and suggests that the ALJ may need to question the individual at the administrative proceeding in order to obtain an explanation. However, it does not place the burden on an Administrative Law Judge to inquire of the individual as to the specifics of "what free clinics or medical care he had sought." In this case, the ALJ considered – as Ruling 96-7p requires – Mills' explanation for the significant periods of time during which Mills did not seek

medical treatment. However, as in *Mann*, Mills provided no evidence that he sought to obtain any free or low-cost medical treatment or that he has been denied medical care because of his financial condition. *Mann*, 284 Fed.Appx. at 571; *cf. Threet v. Barnhart,* 353 F.3d 1185, 1191 n. 7 (10th Cir. 2003) (indicating "that inability to pay may provide a justification for [the] claimant's failure to seek treatment" when there is evidence that the claimant sought and was refused treatment)). The ruling does not require an ALJ to elicit evidence as to what free or low-cost medical treatment the claimant has sought.

Finally, Mills disagrees with the Magistrate Judge's conclusion that the issue addressed in Social Security Ruling SSR 82-59 is not presented in this case. Ruling 82-59 is styled as "TITLES II AND XVI: FAILURE TO FOLLOW PRESCRIBED TREATMENT," and addresses the situation presented when an individual who, with a disabling impairment which is amenable to treatment that could be expected to restore the individual's ability to work, fails without justifiable cause to follow the prescribed treatment. Contrary to Mills' position, the Ruling is not applicable here, where the issue is not whether Mills failed to follow prescribed treatment, but rather, whether the ALJ properly considered Mills' failure to seek medical treatment in informing his credibility determination. As the Magistrate Judge properly observed, the specific language quoted by Mills refers to the inability to afford prescribed treatment as a justification for failing to obtain such treatment. The Ruling does not impose a requirement on the ALJ to question the claimant when the claimant himself provides no evidence that he sought to obtain any free or low-cost medical treatment or that he has been denied medical care because of his financial condition.

This court concludes that the ALJ's credibility determination is supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, the court accepts the Magistrate Judge's Report and Recommendation[2] [Dkt. #25] and overrules plaintiff's objections [Dkt. # 26].

IT IS SO ORDERED this 22nd day of September 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[2] The Magistrate Judge also recommended, and this court concurs, that any conflicts between the "vocational expert testimony concerning the exertional level of some jobs identified" and "the definitions contained in the DOT . . . . can be corrected on remand." [R&R, Dkt. # 25, p. 6]; *see Poppa v. Astrue*. 569 F.3d 1167, 1173 (10th Cir. 2009) (discussing SSR 00-4p, "which requires that an ALJ must inquire about and resolve any conflicts between a Vocational Expert's (VE) testimony regarding a job and the description of that job in the Dictionary of Occupational Titles (4th Ed. 1991) (DOT)").